UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY FREEMAN,<br><br>          Plaintiff,<br><br>    v.<br><br>CONALL MCCABE, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00611-JLT-CDB<br><br>**ORDER ON STIPULATION MODIFYING SCHEDULING ORDER**<br><br>(Doc. 52) |

On November 6, 2023, the parties filed a Stipulation and Proposed Order for Modifying the Scheduling Order. (Doc. 49). The Court denied the stipulated request as it was not supported by the required attorney declaration(s) (*see* Doc. 43 at 7), did not establish good cause for the requested extension, and otherwise sought an unworkable modification of the scheduling order. (Doc. 50). On November 9, 2023, the parties filed a renewed Stipulation and Proposed Order for Modifying the Scheduling Order ("Renewed Stipulation"). (Doc. 52). The Renewed Stipulation is supported by declarations from counsel for both Plaintiff and Defendants. (Docs. 52-1, 52-2).

In their declarations, counsel for the parties attest that they have encountered unexpected challenges in undertaking discovery. For example, Plaintiff's counsel avers that taking the deposition of Dr. Khin Aye M.D., who is currently practicing medicine outside the United States, has been difficult given Dr. Khin's geographic location and use of an unreliable internet connection. (Doc. 52-2 ¶4). Plaintiff's counsel further declares that on or around November 3, 2023, Plaintiff had been released from custody and transferred to an acute care facility. *Id*. ¶6. Plaintiff's counsel represents that based on his experience with released CDCR inmates, Plaintiff's transfer to medical care facilities will provide a significant impediment in scheduling

his deposition.

In addition, the parties declare that while they disagree about the underlying causation of Plaintiff's injuries, they do agree that the costs of procuring expert reports have unexpectedly risen so much that private mediation of this matter might be a more favorable (and economical) alternative than continuing expert discovery. *See* (Doc. 52-1 ¶¶6-7).

Separately, the parties' amending filings are responsive to the Court's direction they "demonstrate[e] diligence" (*see* Doc. 50) in their conduct of discovery to support any request to modify the scheduling order. In addition to multiple rounds of written discovery, the parties have completed at least six nonexpert depositions and an independent medical examination of Plaintiff and have timely identified and are preparing expert witnesses well before the close of expert discovery. (Doc. 52 p. 3).

The parties have demonstrated due diligence and their representations concerning discovery challenges and the prospect of conserving their and the Court's resources through private mediation establish good cause to modify the scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-610 (9th Cir. 1992).

The parties' stipulation identifies proposed dates that are inconsistent with the dates in the proposed order for some of the same events – thus, whereas the stipulation requests the expert discovery deadline be extended from February 1, 2024, to March 1, 2024, the proposed order lists the date of January 15, 2024. *Cf.* Doc. 52 p. 2 *with* p. 5. Separately, the proposed sequencing of events does not comport with the assigned district judge's scheduling protocols (*see* Doc.4-1): dispositive motions should not be set for filing (as the parties propose) two weeks before the close of expert discovery. The Court's adopted amendments below reflect the Undersigned's best efforts to discern the parties' intent and incorporate it into a workable schedule.

Finally, the Court admonishes the parties to appropriately balance their desires to invest in private mediation with a commitment to fulfilling all further discovery and pretrial events within the modified scheduling order below. The Court has selected these dates in part with a view that the parties should be able to complete discovery and motion practice timely without regard to the outcome of mediation.

2

Accordingly, for the forgoing reasons, IT IS HEREBY ORDERED that the scheduling order, is modified to the following extent.

1. The Non-Expert discovery cutoff is extended from December 15, 2023, to **February 15, 2024**.
2. The Expert discovery cutoff is extended from February 1, 2024, to **March 15, 2024**.[1]
3. The Non-Dispositive Motion filing date is extended from November 15, 2023, to **March 1, 2024**.
4. The Non-Dispositive Motion hearing date is extended from December 20, 2023, to **April 3, 2024**.
5. The Dispositive Motion filing date is extended from December 15, 2023, **April 1, 2024**.
6. The Dispositive Motion hearing date is extended from February 1, 2024, to **May 6, 2024**.
7. The Pre-Trial Conference is extended from April 8, 2024, to **July 8, 2024**.
8. The Trial is extended from June 11, 2024, to **September 10, 2024**.
9. All other case management dates (Doc. 43) remain unchanged.

IT IS SO ORDERED.

Dated:   **November 14, 2023**                    _____
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] As the parties' stipulated request to extend case management dates was filed *after* the deadline for disclosing expert witnesses (November 1, 2023, *see* Doc. 43 at 2), no additional initial experts may be disclosed; rebuttal experts must be disclosed consistent with Fed. R. Civ. P. 26(a)(2) no later than **February 15, 2024**.

3